UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DONALD S. LEFLER,

      Plaintiff,

v.

NEW YORK STATE DEPT. OF
CORRECTIONS COMMISSIONER
ANTHONY J. ANNUCCI, CAPTAIN
CARROLL, LIEUTENANT ISAACS,
CAPTAIN FRENYA,

      Defendants.

Case No. 22-CV-6468-FPG
ORDER

## INTRODUCTION

Donald Lefler ("Plaintiff") is a prisoner in the custody of the New York Department of Corrections and Community Supervision ("DOCCS"), currently incarcerated at Auburn Correctional Facility. He filed a *pro se* complaint asserting claims under 42 U.S.C. § 1983 against the State of New York, Elmira Correctional Facility ("Elmira C.F."), Correction Officer Ferraro ("C.O. Ferraro"), Sergeant M. Albert ("Sergeant Albert"), and Superintendent John Rich ("Superintendent Rich"). Plaintiff claims that his constitutional rights were violated when the defendants failed to protect him from being attacked by a fellow inmate, denied him adequate medical care, and searched his cell for contraband. Plaintiff also sought leave to proceed *in forma pauperis* ("IFP"). ECF No. 2.

The Court granted Plaintiff's IFP application and, pursuant to 28 U.S.C. §§ 1915 and 1915A, screened the complaint. In an order dated December 21, 2022, ECF No. 3, the Court dismissed all the claims against the State of New York and Elmira C.F., and the official capacity claims against C.O. Ferraro, Superintendent John Rich, and Sergeant Albert, finding that they were

barred by Eleventh Amendment sovereign immunity. *Id.* at 5-6, 14. The Court also dismissed with prejudice the Fourth Amendment claim based on an unreasonable cell search and the Eighth Amendment claim based on the denial of adequate medical care. *Id.* at 6-10, 14. The Court permitted Plaintiff to amend the complaint with regard to his Eighth Amendment claim alleging that officials at Elmira C.F., acting in their individual capacities, failed to protect him from inmate violence. *Id.* at 12-13, 14.

Plaintiff timely filed an amended complaint, ECF No. 4, omitting the previously named individual defendants (C.O. Ferraro, Sergeant Albert, and Superintendent Rich), and naming the following new defendants: DOCCS Commissioner Anthony J. Annucci ("Commissioner Annucci"), along with three Elmira C.F. officials (Captain Carroll, Captain Frenya, and Lieutenant Isaacs). As required, the Court has screened the amended complaint pursuant to 28 U.S.C. §§ 1915 and 1915A. For the reasons discussed below, the amended complaint is dismissed without prejudice with leave to file a second amended complaint attempting to state a plausible Eighth Amendment failure-to-protect claim.

## DISCUSSION

I. **SCREENING UNDER TITLE 28 UNITED STATES CODE, SECTIONS 1915 AND 1915A**

Sections 1915 and 1915A provide that a complaint in a civil action shall be dismissed if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2); § 1915(e)(2)(B)(i)-(iii) (same). Generally, a *pro se* plaintiff will be provided an opportunity to amend or to be heard prior to dismissal "unless the [C]ourt can rule out any possibility, however unlikely it might be, that an amended complaint would succeed

in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quotation and quotation marks omitted). But leave to amend pleadings may be denied when any amendment would be "futile." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)). In general, "[s]pecific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (quoting *Twombly*, 550 U.S. at 555; further quotation omitted). In reviewing the complaint for legal sufficiency, the court accepts all factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam). "[E]ven after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." *Boykin v. Keycorp*, 521 F.3d 202, 216 (2d Cir. 2008).

## II.   THE AMENDED COMPLAINT[1]

At about 2:30 p.m. on August 9, 2020, Plaintiff was seated in the bleachers at the Elmira C.F. ballpark when a "black gang member" of the "Bloods Gang" who lived in cell I-6-2 came up behind him and cut him with a sharp razor twice—once on his face and once behind his right ear. ECF No. 4 at 12; *see also id.* at 21 (photographs of Plaintiff taken after incident); *id.* at 22 (inmate injury report). Plaintiff asserts that he was attacked because he is white, and that if "your [sic]

---

[1] Plaintiff's amended complaint consists of a form complaint and several pages of handwritten narrative, ECF No. 4 at 1-18, along with some exhibits, *id.* at 19-39, most of which were attached to the original complaint. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (stating that "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference").

white at Elmira, you are a target." *Id.* He "informed the staff many times that the Bloods threatened [him]" but "they did nothing to help [him]." *Id.*

Plaintiff asserts that the way he was treated by corrections officers at Elmira C.F. made him feel like the perpetrator instead of the victim. *Id.* at 16. Plaintiff questions why the cameras are broken in the ballpark at Elmira C.F. and why "white inmates" are not "being protected against gang/inmate violence" and "extreme racist violence" which "has been going on a long time." *Id.* Plaintiff seeks $35 million in compensatory and punitive damages.

### III. SECTION 1983 CLAIMS

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against a government official under 42 U.S.C. § 1983, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). The theory of *respondeat superior* is not available in action under 42 U.S.C. § 1983. *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). Instead, "[t]he violation must be established against the supervisory official directly." *Tangreti*, 983 F.3d at 618.

### A. The Pleading Deficiencies in the Original Complaint

In the previous screening order, the Court construed the complaint as attempting to assert an Eighth Amendment failure-to-protect claim based on Plaintiff's allegations that he was attacked by a black gang member solely because he is white and that there is rampant racial violence at Elmira C.F. The Court found that Plaintiff failed to provide any facts—either in the complaint or any of the attached to the complaint—regarding the nature of the threats, the timing of the threats, or by whom they were made. ECF No. 3 at 11. The Court explained that Plaintiff's complaints to unidentified "staff" about receiving unspecified "threats" did not plausibly allege that the conditions of his confinement posed a substantial risk of serious harm, or that any of the individual defendants personally had knowledge that he faced a substantial risk of serious harm prior to the August 9, 2020 attack and nevertheless disregarded that risk by failing to take reasonable measures to prevent the harm from occurring. *Id.* Accordingly, the Court found, Plaintiff failed to state a plausible claim based on his allegation that any of the individual defendants knew of a particular risk of harm to Plaintiff from a particular inmate. *Id.*

As far as a failure to protect against inmate violence generally, the Court found that the allegations in the complaint about the "brutal assaults" by black inmates on "many, many" white inmates were conclusory. *Id.* at 12. For instance, the Court noted, Plaintiff did not allege that this category of inmate-on-inmate attacks occurred frequently in the ballpark, where his assault occurred. *Id.* Nor did he allege facts showing, or allowing the reasonable inference, that any of the named defendants had knowledge of any previous incidents of violence, that there were preventive measures they could have implemented to mitigate the risk, and that they nevertheless failed to implement those measures. *Id.* Therefore, the Court concluded, Plaintiff failed to allege

sufficient facts to state a claim that the individual defendants were deliberately indifferent in failing to protect him against a general risk of harm. *Id.*

Because the Court could not rule out the possibility that a valid failure to protect claim could be stated, Plaintiff was permitted to amend the complaint. *Id.* Plaintiff was instructed to "include nonconclusory factual allegations showing, or allowing the inference, that Plaintiff faced a substantial risk of serious harm; that each defendant against whom Plaintiff seeks to impose liability personally had knowledge that Plaintiff faced such a risk; and that each defendant disregarded that risk by failing to take reasonable measures to abate the harm." *Id.* at 12-13.

## B. The Amended Complaint Does Not State a Plausible Eighth Amendment Claim

### 1. Commissioner Annucci

Plaintiff asserts that Commissioner Annucci is liable because he is responsible for ensuring the safety of every DOCCS inmate and for ensuring that DOCCS employees are "doing a professional job." ECF No. 4 at 15. It is well settled that simply being "in a high position of authority is an insufficient basis for the imposition of personal liability" under 42 U.S.C. § 1983. *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977). The Second Circuit has clarified that in the wake of *Iqbal*, the liability of defendants in supervisory roles, such as Commissioner Annucci, no longer may be premised solely on that individual's "supervision of others who committed the violation." *Tangreti*, 983 F.3d at 619. Plaintiff instead must plead and prove that Commissioner Annucci violated the constitutional provision at issue—here, the Eighth Amendment—by his "own conduct, not by reason of [his] supervision of others who committed the violation." *Id.* Thus, Plaintiff must plead and prove that Commissioner Annucci "[him]self 'acted with "deliberate indifference"'—meaning that [Commissioner Annucci] personally knew

of and disregarded an excessive risk to [Plaintiff]'s health or safety." *Id.* (quoting *Vega*, 963 F.3d at 273 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994))).

Plaintiff has not alleged any facts from which the Court may infer that Commissioner Annucci was deliberately indifferent, i.e., that he knew of and disregarded an excessive risk to Plaintiff's safety in particular or Elmira C.F. inmates' safety in general. Plaintiff has not alleged that Commissioner Annucci personally was aware of any facts regarding the circumstances at Elmira C.F. from which the inference could be drawn that a substantial risk of serious harm to Plaintiff existed, and that Commissioner Annucci also drew that inference. Instead, Plaintiff is attempting to hold Commissioner Annucci liable simply because of his position at the top of the DOCCS chain of command. However, "a defendant in a § 1983 action may not be held liable for damages for constitutional violations merely because he held a high position of authority." *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996). Therefore, Plaintiff has not sufficiently alleged Commissioner Annucci's personal involvement under Section 1983 in an Eighth Amendment claim based on the failure to protect him from inmate violence.

### 2. Captain Carroll, Captain Frenya, and Lieutenant Isaacs

The Amended Complaint's allegations regarding Captain Carroll, Captain Frenya, and Lieutenant Isaacs relate solely to their actions taken *after* the assault. Plaintiff states that Lieutenant Isaacs and Captain Frenya approved the cell search, and that Captain Frenya and Captain Carroll authorized an order directing Plaintiff to undergo a drug test. It does not appear that Plaintiff intends to assert a Fourth Amendment claim based on these allegations, however. *See* ECF No. 4 at 3 ¶ II.B (stating that the "8th Amendment U.S. Constitution" is the federal constitutional right he claims is being violated by state officials); *id.* at 4 ¶ II.D (Plaintiff's response

to question on form complaint as to how defendants acted under color of state law is "inmate violence, correction officers not protecting inmates").

The allegations about the cell search and the drug test are irrelevant to the Eighth Amendment failure-to-protect claim. The Court, in the screening order, identified the failure-to-protect claim as the complaint's "sole remaining claim," ECF No. 3 at 14, and granted permission to amend to attempt to state a plausible Eighth Amendment claim, not to supplement the complaint with new claims. *See Komatsu v. City of New York*, No. 22-CV-0424 (LTS), 2022 WL 3362502, at *1 (S.D.N.Y. Aug. 15, 2022) ("The Court is authorized to dismiss claims going beyond the scope of the original lawsuit and the permitted amendment." (citing *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted."); other citations omitted)).

The amended complaint contains no allegations that Captain Carroll, Captain Frenya, or Lieutenant Isaacs personally had knowledge that Plaintiff faced a substantial risk of serious harm; or that they disregarded that risk by failing to take reasonable measures to abate the harm. Therefore, Plaintiff has not stated a colorable Eighth Amendment failure-to-protect claim against Captain Carroll, Captain Frenya, or Lieutenant Isaacs in their individual capacities.

### 3. Superintendent Rich, Sergeant Albert, and C.O. Ferraro

The Court notes that Plaintiff has not included any of the originally named individual defendants (C.O. Ferraro, Sergeant Albert, and Superintendent Rich) in the amended complaint. It appears that he is under the mistaken impression that the Court dismissed both the individual and official capacity claims against these defendants with prejudice. *See* ECF No. 4 at 15. In the

screening order, the Court stated that it was required to dismiss the official capacity claims as barred by the Eleventh Amendment but that it would consider whether the complaint "states colorable Section 1983 claims against [these defendants] in their individual capacities." ECF No. 3 at 6. The Court then dismissed with prejudice the Fourth Amendment claim against Sergeant Albert in his individual capacity as legally baseless, and the Eighth Amendment deliberate medical indifference claims with prejudice for failure to state a claim. However, the Court granted permission to file an amended pleading as to the Eighth Amendment claim based on the failure to protect Plaintiff from inmate violence. *Id.* at 12-13, 14. Thus, to the extent the complaint was attempting claims against C.O. Ferraro, Sergeant Albert, and Superintendent Rich in their *individual* capacities based on their failure to protect him from inmate violence, the Court did not dismiss any of those claims with prejudice. Instead, the Court found that Plaintiff had not plausibly alleged the components of an Eighth Amendment deliberate indifference claim. Under the terms of the Court's screening order, Plaintiff was not and is not precluded from attempting to assert a viable Eighth Amendment failure-to-protect claim against C.O. Ferraro, Sergeant Albert, and Superintendent Rich in their individual capacities.

### 4. Final Opportunity to Amend

In sum, the amended complaint does not allege that any particular defendant personally was aware of facts from which the inference could be drawn that Plaintiff was at a substantial risk of being attacked by another inmate, and that the defendant actually drew that inference. The closest that Plaintiff comes to providing that information is in the Inmate Grievance Complaint attached as an exhibit to the complaint and the amended Complaint. *See* ECF No. 1 at 21, ECF No. 4 at 24. Plaintiff states that he "complained several times to staff that [his] safety was in jeopardy due to the ongoing racial tensions and threats [he has] been receiving [from] other

9

inmates and [he] was ignored. . . ." *Id.* However, Plaintiff does not indicate *to whom* he directed his complaints and therefore is unable to allege the requisite personal involvement of any defendant. As the Court previously explained, it is well settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).

Because Plaintiff is unrepresented and appears to have misunderstood the Court's screening order with regard to the individual capacity claims against the originally named defendants, the Court will allow him one final opportunity to file an amended complaint. The scope of the amendment is limited to an attempt to state an Eighth Amendment failure-to-protect claim against the individuals whom Plaintiff believes were personally involved in the alleged constitutional violation. As discussed above, Plaintiff is not precluded from including allegations against the previously named individuals (C.O. Ferraro, Sergeant Albert, and Superintendent Rich) in the second amended complaint.

If Plaintiff elects to file a second amended complaint, he is reminded that he is only permitted to sue individual defendants in their individual capacities. Any official capacity claims are barred by the Eleventh Amendment as explained in the Court's previous screening order.

## CONCLUSION

For the foregoing reasons, the amended complaint, ECF No. 4, is dismissed without prejudice with leave to replead an Eighth Amendment failure-to-protect claim in conformity with the Court's instructions set forth above.

Plaintiff is advised the second amended complaint will supersede the amended complaint and render "it of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977); *see also Shields v. Citytrust Bancorp*, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, the

second amended complaint must include all allegations against each named defendant in his individual capacity so that it stands alone as the only complaint to be answered.

## ORDER

IT HEREBY IS ORDERED that the amended complaint is dismissed without prejudice, with leave to replead an Eighth Amendment failure-to-protect claim in conformity with the Court's instructions set forth above; and it is further

ORDERED that the Clerk of Court is directed to send Plaintiff (1) this order; (2) a copy of the amended complaint, ECF No. 4; and (3) a blank complaint form with instructions; and it is further

ORDERED that the amended complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and this case will be closed, if Plaintiff does not file a second amended complaint as directed above **within 45 days of the date of entry of this Order**; and it is further

ORDERED that in the event the amended complaint is dismissed because Plaintiff has failed to file a second amended complaint, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and leave to appeal as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:    September 12, 2023
          Rochester, New York

_[signature]_

---
FRANK P. GERACI, JR.
UNITED STATES DISTRICT JUDGE