UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DONALD S. LEFLER,

      Plaintiff,

v.

SERGEANT M. ALBERT, OFFICER FERRARO,

      Defendants.

22-CV-6468-FPG

ORDER

    *Pro se* Plaintiff, Donald S. Lefler, is a prisoner confined at the Auburn Correctional Facility. He filed a *pro se* complaint requesting relief under 42 U.S.C. § 1983 against the State of New York, Elmira Correctional Facility ("Elmira C.F."), Correction Officer Ferraro ("C.O. Ferraro"), Sergeant M. Albert ("Sergeant Albert"), and Superintendent John Rich ("Superintendent Rich"). ECF No. 1. Plaintiff claims that his constitutional rights were violated when the defendants failed to protect him from being attacked by a fellow inmate, denied him adequate medical care, and searched his cell for contraband. Plaintiff also sought leave to proceed *in forma pauperis* ("IFP"). ECF No. 2.

    The Court granted Plaintiff's IFP application and, pursuant to 28 U.S.C. §§ 1915 and 1915A, screened the complaint. In an order dated December 21, 2022, ECF No. 3, the Court dismissed all the claims against the State of New York and Elmira C.F., and the official capacity claims against C.O. Ferraro, Superintendent Rich, and Sergeant Albert, finding that they were barred by Eleventh Amendment sovereign immunity. *Id.* at 5-6, 14. The Court also dismissed with prejudice the Fourth Amendment claim based on an unreasonable cell search and the Eighth Amendment claim based on the denial of adequate medical care. *Id.* at 6-10, 14. The Court

permitted Plaintiff to amend the complaint with regard to his Eighth Amendment claim alleging that officials at Elmira C.F., acting in their individual capacities, failed to protect him from inmate violence. *Id.* at 12-13, 14.

Plaintiff timely filed an amended complaint, ECF No. 4, omitting the previously named individual defendants (C.O. Ferraro, Sergeant Albert, and Superintendent Rich), and naming the following new defendants: DOCCS Commissioner Anthony J. Annucci ("Commissioner Annucci"), along with three Elmira C.F. officials (Captain Carroll, Captain Frenya, and Lieutenant Isaacs). As required, the Court screened the amended complaint pursuant to 28 U.S.C. §§ 1915 and 1915A. In an order dated September 12, 2023, ECF No. 5, the Court permitted Plaintiff to file a second amended complaint limited to an attempt to state an Eighth Amendment failure-to-protect claim against the individuals whom Plaintiff believes were personally involved in the alleged constitutional violation. *Id.* at 10.

Plaintiff timely filed a second amended complaint, ECF No. 6, which the Court now screens pursuant to 28 U.S.C. §§ 1915 and 1915A. For the reasons discussed below, Plaintiff's failure-to-protect claim shall proceed to service upon C.O. Ferraro and Sergeant Albert.

## DISCUSSION

### I. LEGAL PRINCIPLES

Sections 1915 and 1915A provide that a complaint in a civil action shall be dismissed if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2); § 1915(e)(2)(B)(i)-(iii) (same).

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the

2

plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)).

To establish liability against an official under § 1983, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti* v. *Bachmann,* 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009)).

In reviewing a complaint for legal sufficiency, the court accepts all factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Larkin v. Savage,* 318 F.3d 138, 139 (2d Cir. 2003) (per curiam).

## II.     THE SECOND AMENDED COMPLAINT[1]

On August 9, 2020, at 2:30 p.m., Plaintiff "was brutally attacked [and] slashed in the face, . . . while under direct supervision of [C.O. Ferraro and Sergeant Albert]." ECF No. 6 at 11. For many months leading up to the attack Plaintiff repeatedly informed C.O. Ferraro and Sergeant Albert "of the dangers he was facing involving certain other inmates." *Id.*

Specifically, Plaintiff "warned" C.O. Ferraro and Sergeant Albert that "a force of gang members [was] after [him]." *Id.* at 13. In response, the defendants "mocked [and] ridiculed [his] concerns for safety." *Id.* at 11. They also "mock[ed] [his] family for calling the facility" and expressing their concern for Plaintiff's safety. *Id.*

On the day of his attack, Plaintiff "personally [and] urgently informed [and] warned both [C.O. Ferraro and Sergeant Albert] that on this particular day [he] was in danger [and] afraid for

---

[1] Plaintiff's second amended complaint consists of a form complaint and several pages of narrative, ECF No. 6 at 11-13, along with some exhibits, *id* at 14-24. *See Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991) (stating that "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference").

3

[his] life before [he] entered the Ball Park [where he was attacked]." *Id.* Sergeant Albert replied, "Do you really think we care about your crying or what happens to you[?]" *Id.* C.O. Ferraro told Plaintiff to "grow a pair [and] get lost." *Id.* at 12. And they "kicked [him] out to the yard." *Id.* at 13.

After this exchange, C.O. Ferraro and Sergeant Albert took their post and promptly fell "fast asleep." *Id.* at 12 (capitalization omitted). A fight broke out in front of them and "they did nothing." *Id.* at 12; ECF No. 6-1 at 7. An inmate "slashed [Plaintiff's] face from the front to the back of [his] neck." ECF No. 6 at 12; ECF No. 6-1 at 2.

## III. FAILURE-TO-PROTECT CLAIM

"To state a claim under the Eighth Amendment on the basis that a defendant has failed to prevent harm, a plaintiff must plead both (a) conditions of confinement that objectively pose an unreasonable risk of serious harm to their current or future health, and (b) that the defendant acted with 'deliberate indifference.'" *Vega v. Semple*, 963 F.3d 259, 273 (2d Cir. 2020).

The Court's initial screening order, ECF No. 3, apprised Plaintiff that a viable failure-to-protect claim necessarily includes nonconclusory factual allegations showing, or allowing the inference, that Plaintiff faced a substantial risk of serious harm; that each defendant against whom Plaintiff seeks to impose liability personally had knowledge that Plaintiff faced such a risk; and that each defendant disregarded that risk by failing to take reasonable measures to abate the harm. *Id.* at 12-13.

The second amended complaint includes allegations identifying the defendants whom Plaintiff notified about the serious risks he believed that other inmates posed to his safety, which addresses the Court's prior concern about the failure to allege the personal involvement of any individual defendant. The second amended complaint also describes the defendants' alleged

statements in response to Plaintiff's reported safety concerns as well as their failure to take any action to prevent the attack from occurring.

For purposes of initial screening, the Court finds a plausible inference that Plaintiff faced a substantial risk of assault by gang members and that C.O. Ferraro and Sergeant Albert knew that Plaintiff faced such a risk but failed to take reasonable measures to abate the harm. ECF No. 6 at 11-13. Accordingly, Plaintiff's failure-to-protect claim shall proceed to service upon C.O. Ferraro and Sergeant Albert.

## ORDER

IT HEREBY IS ORDERED that Plaintiff's failure-to-protect claim shall proceed to service upon C.O. Ferraro and Sergeant Albert; and it is further

ORDERED that all other claims are dismissed; the Clerk of Court shall terminate the State of New York, Elmira Correctional Facility, and Superintendent John Rich as defendants to this action; and it is further

ORDERED that the Clerk of Court shall cause the United States Marshals Service to serve copies of the summons, the second amended complaint, ECF No. 6, and this order upon defendants C.O. Ferraro and Sergeant Albert without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor; and it is further

ORDERED that once served, the defendants shall answer the complaint or respond under 42 U.S.C. § 1997e(g); and it is further

ORDERED that the Clerk of Court shall forward a copy of this order and the second amended complaint to Ted O'Brien, Assistant Attorney General in Charge, Rochester Regional Office, at Ted.O'Brien@ag.ny.gov; and it is further

ORDERED that Plaintiff shall notify the Court in writing if his address changes. The Court may dismiss the action if Plaintiff fails to do so.

IT IS SO ORDERED.

Dated: January 16, 2024
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York