UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DONALD S. LEFLER,

                                            Plaintiff,          Case # 22-CV-6468-FPG

v.

                                                                     DECISION & ORDER

OFFICER FERRARO and SERGEANT M. ALBERT,

                                            Defendants.
_____

## INTRODUCTION

*Pro se* Plaintiff Donald S. Lefler brings this civil rights action against Defendants Officer Ferraro and Sergeant M. Albert pursuant to 42 U.S.C. § 1983. Plaintiff alleges failure to protect in violation of the Eighth Amendment. ECF No. 6. Defendants move to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 10. Plaintiff opposes the motion. ECF No. 12. For the reasons that follow, Defendants' motion is DENIED.

## LEGAL STANDARD

A complaint will survive a motion to dismiss under Rule 12(b)(6) when it states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim for relief is plausible when the plaintiff pleads sufficient facts that allow the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).

1

The Second Circuit has recognized that "this plausibility standard governs claims brought even by *pro se* litigants." *Robles v. Bleau*, No. 07-CV-0464, 2008 WL 4693153, at *5 (N.D.N.Y. Oct. 22, 2008) (citing, e.g., *Jacobs v. Mostow*, 271 F. App'x 85, 87 (2d Cir. 2008), and *Boykin v. KeyCorp*, 521 F.3d 202, 215–16 (2d Cir. 2008)). However, the Court remains mindful that a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin*, 521 F.3d at 214. Nevertheless, all pleadings, *pro se* or otherwise, must contain enough factual allegations to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (additional internal quotation marks omitted)).

## BACKGROUND

According to the complaint, on August 9, 2020, at approximately 2:30 pm, Plaintiff, who at the time was an inmate at Elmira Correctional Facility, was brutally attacked and slashed in the face by another inmate in the ball park at the facility. ECF No. 6 at 11. Plaintiff alleges that in the months leading up to the attack, he repeatedly informed Defendants of the dangers he was facing involving other inmates. *Id.* In response to the concerns he raised, Plaintiff alleges that both Defendants mocked and ridiculed him and went so far as to mock his family for calling the facility on the topic. *Id.*

He further alleges that on the date of the attack before he entered the ball park, he "personally . . . [and] urgently informed . . . both [D]efendants that on this particular day" he was in danger and afraid for his life. *Id.* According to Plaintiff, in response, the Defendants scoffed at him and completely disregarded his pleas for help. *Id.* He claims that Sergeant M. Albert said, "Do

you really think we care about your crying or what happens to you." *Id.* And he claims that Officer Ferraro said, "Lefler grow a pair . . . [and] get lost." *Id.* at 12.

After this exchange, Plaintiff alleges that a fight broke out in front of Defendants, and that Defendants did nothing because they were sleeping. *Id.* Plaintiff maintains that Defendants were fully aware of the fight because he warned them about it. *Id.* He also maintains that during the fight an attacker slashed his face from the front to the back of his neck. *Id.* He claims that this attacker was the person whom he warned Defendants about prior to the incident. *Id.* As a result of the attack, Plaintiff sustained life changing scars on his face. *Id.* Plaintiff contends that had Defendants done their duty, genuinely listened to his pleas for help, and been awake at the time of the fight, he would not have been attacked in that manner. *Id.*

Plaintiff brought the instant action in this Court on October 26, 2022, bringing multiple claims against Officer Ferraro, Sergeant M. Albert, the State of New York, Elmira Correctional Facility, and Superintendent John Rich. ECF No. 1. Plaintiff amended his complaint on January 25, 2023, ECF No. 4, and again on October 25, 2023, ECF No. 6. After screening pursuant to 28 U.S.C. §§ 1915 and 1915A, only his failure-to-protect claim against Officer Ferraro and Sergeant M. Albert remains. *See* ECF No. 7.

## DISCUSSION

**I.    Substantive Liability**

Pursuant to the Eighth Amendment, prison officials have a duty "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan,* 511 U.S. 825, 833 (1994). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. Therefore, an inmate seeking to establish an Eighth Amendment violation for failure to protect must prove (1) "that [the

3

plaintiff] is incarcerated under conditions posing a substantial risk of serious harm," and (2) that the prison official had a "sufficiently culpable state of mind," which in "prison-conditions cases" is "one of deliberate indifference to inmate health or safety." *Morgan v. Dzurenda*, 956 F.3d 84, 89 (2d Cir. 2020) (quoting *Farmer*, 511 U.S at 834).

The "deliberate indifference standard embodies both an objective and a subjective prong." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). "First, the alleged deprivation must be, in objective terms, sufficiently serious." *Id.* (internal quotation marks and citation omitted). "Second, the charged official must act with a sufficiently culpable state of mind." *Id.* "Deliberate indifference requires more than negligence, but less than conduct undertaken for the very purpose of causing harm." *Id.* A prison official has sufficient culpable state of mind "if he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm." *Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996) (citing *Farmer*, 511 U.S. at 832–33).

Defendants argue that Plaintiff has failed to state a claim upon which relief can be granted because (a) Plaintiff only alleges that he communicated general or vague concerns to Defendants; (b) Plaintiff cannot allege that the assailant belonged to the group he was concerned about; and (c) Plaintiff's allegations only amount to claims of mere negligence or failure to act reasonably. ECF No. 10-2 at 4–10. The Court discusses each in turn.

a. **Plaintiff's Warnings to Defendants**

Defendants first argue that Plaintiff has not adequately pleaded the subjective prong of the deliberate indifference standard because he only communicated general concerns for his safety. *Id.* at 6. They argue that "Plaintiff's communications about generalized safety concerns or vague concerns about future assault by unknown individuals or groups are insufficient to provide

4

knowledge that Plaintiff was subject to a substantial risk of serious harm." *Id.* at 7–8. As such, they argue that Plaintiff has failed to state a claim. *Id.* at 8.

Allegations that a prisoner made corrections officers aware of "generalized safety concerns or vague concerns of future assault by unknown individuals" are not sufficient to state a failure-to-protect claim. *Anselmo v. Kirkpatrick*, No. 19-CV-0350, 2019 WL 2137469, at *4 (N.D.N.Y. May 16, 2019) (internal quotation marks omitted). However, when an inmate alleges that he informed "corrections officers about a specific fear of assault and is then assaulted, this is sufficient to proceed on a claim of failure to protect." *Beckles v. Bennett*, No. 05-CV-2000, 2008 WL 821827, at *17 (S.D.N.Y. Mar. 26, 2008); *see also Stephens v. Venettozzi*, No. 13-CV-5779, 2016 WL 929268, at *19 (S.D.N.Y. Feb. 24, 2016), *report and recommendation adopted by* 2016 WL 1047388 (Mar. 10, 2016) ("Courts have found that a prisoner validly states an Eighth Amendment claim based on a failure to protect when he alleges that he informed corrections officers about a specific fear of assault and is then assaulted.").

Here, Plaintiff includes a number of allegations that could be described as generalized safety concerns or vague concerns. *See* ECF No. 6 at 11–12. However, he also alleges that the Defendants were "fully aware of the fight I forewarned them of," and that while Defendants were sleeping, "a[n] attacker (again I forewarned them of moments prior to) slashed my face from the front to the back of my neck." *Id.* at 12. The Court construes these statements as allegations that Plaintiff specifically warned Defendants that there was going to be a fight in the ball yard during their watch on the date in question, he warned Defendants that he would be attacked by a specific individual in the ball yard, and that after this warning, he was assaulted by that individual. Therefore, because Plaintiff has alleged that he informed Defendants of a specific fear of assault

and was then assaulted, the Court concludes that he has sufficiently stated a claim for failure to protect. *See Beckles*, 2008 WL 821827, at *17.

   b. **Plaintiff's Allegations Related to the Assailant**

Second, Defendants argue that even if Plaintiff's warnings to Defendants were sufficient to state a claim, Plaintiff cannot allege that the assailant belonged to the group he was concerned about because nothing in the complaint or the documents appended to the complaint identifies the assailant. ECF No. 10-2 at 8. Therefore, they argue that "even if Plaintiff had voiced far more specific concerns, such as warning Defendants that he was fearful of John Doe for specific reasons, since Plaintiff could not allege John Doe actually assaulted him," dismissal is warranted. *Id.*

The Court also rejects this argument. Defendants are essentially arguing that Plaintiff has failed to provide evidence of who is assailant is and as such, he cannot assert that the assailant was the attacker he warned Defendants about before the attack. While it may ultimately be difficult for Plaintiff to prove who his assailant was, that is not grounds for dismissal under Rule 12(b)(6). *See Ellis v. Guarino*, No. 03 Civ. 6562, 2004 WL 1879834, at *13 (S.D.N.Y. Aug. 24, 2004); *see also Ctr. Cadillac, Inc. v. Bank Leumi Trust Co. of N.Y.,* 808 F. Supp. 213, 230 (S.D.N.Y. 1992) ("Even if Plaintiffs may have difficulty proving these allegations, it would be premature to dismiss these claims at . . . [the motion to dismiss] stage of the proceedings."). At the motion to dismiss stage, the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in Plaintiff's favor. *Faber*, 648 F.3d at 104. As explained above, when an inmate alleges that he informed "corrections officers about a specific fear of assault and is then assaulted, this is sufficient to proceed on a claim of failure to protect." *Beckles*, 2008 WL 821827, at *17. Here, Plaintiff has specifically alleged that moments before the attack, he "forewarned" Defendants that the attacker was going to harm him and that he was then attacked by that person. ECF No. 6 at 12.

Because the Court must accept this allegation as true, the Court concludes that Plaintiff has sufficiently stated a claim.

### c. Plaintiff's Allegations Related to Defendants' Conduct

Defendants' third argument is that mere negligence or failure to act reasonably is not adequate to state an Eighth Amendment failure to protect claim. ECF No. 10-2 at 8. They argue that Plaintiff only alleges that Defendants may have been ignoring him and that Defendants were sleeping when they should have been supervising the yard, which is insufficient to state a claim. *Id.* at 9. Therefore, they argue that Plaintiff has failed to state a claim because he has failed to make "allegations from which a reasonable fact finder could infer that Defendants had actual knowledge that Plaintiff was at a risk of serious harm prior to the alleged assault." *Id.*

Again, the Court disagrees. As explained above, in a failure-to-protect case, a prisoner must allege that defendants had actual knowledge of impending harm. *Garcia v. Witkowski*, 988 F. Supp. 2d 360, 362 (W.D.N.Y. 2013). Mere negligence, for instance if a corrections officer should know of a risk but does not, is not enough to state a claim of deliberate indifference under the Eighth Amendment. *Id.* It is also not enough to show that the corrections officer merely failed to act reasonably. *Id.* However, actual knowledge of impending harm can be shown by allegations that a plaintiff complained to corrections officers about a specific threat to his safety. *Id.*

Here, Plaintiff alleges more than mere negligence or failure to act reasonably. As explained above, Plaintiff alleges that he warned Defendants that there was going to be a fight in the ball yard during their watch on the date in question, he warned Defendants that he would be attacked by an individual in the ball yard, and that after this warning, he was assaulted by that individual. ECF No. 6 at 11–12. He further alleges that in response to his warnings, Sergeant M. Albert said, "Do you really think we care about your crying or what happens to you." *Id.* at 11. And he claims

that Officer Ferraro said "Lefler grow a pair . . . [and] get lost." *Id.* at 12. Thus, his complaint sufficiently alleges that Defendants had actual knowledge of the impending harm because it includes allegations that Plaintiff complained to Defendants about a specific threat to his safety and that Defendants knew of his warning because they responded to him. As such, Plaintiff has sufficiently stated an Eighth Amendment failure-to-protect claim.

## II.     Qualified Immunity

Defendants also argue that they are entitled to qualified immunity and therefore, the complaint should be dismissed. ECF No. 10-2 at 10. The doctrine of qualified immunity shields government officials from civil damages liability unless "the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Soto v. Gaudett*, 862 F.3d 148, 156 (2d Cir. 2017) (internal quotation marks and brackets omitted). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." *Stanton v. Sims*, 571 U.S. 3, 6 (2013) (internal quotation marks omitted).

"To determine whether a defendant is entitled to qualified immunity, courts ask whether the facts shown 'make out a violation of a constitutional right' and 'whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct.'" *Estate of Devine*, 676 F. App'x 61, 62 (2d Cir. 2017) (summary order) (quoting *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). For a right to be clearly established, the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). It is not necessary to find a "case directly on point" to show that the law governing a plaintiff's claim is clearly established, but existing precedent must have placed the constitutional right "beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

Defendants' only argument is that Plaintiff's "communications about generalized safety concerns or vague concerns of future assault by unknown individuals are insufficient to provide knowledge that an incarcerated individual is subject to a substantial risk of serious harm." ECF No. 10-2 at 11. Therefore, they argue, it was objectively reasonable for Defendants to believe that their actions did not violate Plaintiff's constitutional rights and their conduct cannot be construed as violating the Eighth Amendment. *Id.*

As the Court discusses above, Plaintiff has made out a violation of a constitutional right because he alleges that he specifically warned Defendants that there was going to be a fight in the ball yard during their watch on the date in question, he alleges he specifically warned Defendants that he would be attacked by an individual in the ball yard, and that after this warning, he was assaulted by that individual. *See* ECF No. 6 at 11–12. As for the second step of the qualified immunity analysis, at the time of the alleged deprivation, it was clearly established that a corrections officer violates the Eighth Amendment when he has knowledge that an inmate "faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm." *Hayes*, 84 F.3d at 620 (citing *Farmer*, 511 U.S. at 825). Once again, Plaintiff has made specific allegations that he warned Defendants that he was at substantial risk of serious harm, that Defendants mocked him in response, and that he was assaulted in the manner he had warned Defendants about prior to the incident. *See* ECF No. 6 at 11–12. Consequently, accepting Plaintiff's allegations as true, the Court concludes that Defendants are not entitled to qualified immunity because it was clearly established that the actions alleged by Plaintiff violated his Eighth Amendment rights at the time of the alleged deprivation.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 10, is DENIED. Defendants shall file an answer to Plaintiff's complaint by **March 17, 2025.**

IT IS SO ORDERED.

Dated: February 13, 2025
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York