UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DONALD S. LEFLER,

Plaintiff,

v.

OFFICER FERRARO and SERGEANT M. ALBERT,

Defendants.

Case # 22-CV-6468-FPG

DECISION & ORDER

**INTRODUCTION**

*Pro se* Plaintiff Donald S. Lefler brings this civil rights action against Defendants Officer J. Ferraro and Sergeant M. Albert pursuant to 42 U.S.C. § 1983. ECF No. 6. Defendants move for summary judgment on Plaintiff's claim pursuant to Federal Rule of Civil Procedure ("Rule") 56. ECF No. 35. Plaintiff did not oppose the motion. For the reasons that follow, Defendants' motion is GRANTED.

**LEGAL STANDARD**

Summary judgment is appropriate when the record shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Disputes concerning material facts are genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). However, the non-moving party "may not rely on conclusory allegations or unsubstantiated

speculation." *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quotation marks omitted).

"Where, as here, a summary judgment motion is unopposed, uncontroverted facts in the moving party's statement pursuant to [the local rules] are deemed admitted." *Siler v. Walden*, No. 20-CV-05794, 2023 WL 3871999, at *4 (S.D.N.Y. June 7, 2023) (quotation marks and citation omitted); *see also Fate v. Petranker*, No. 19-CV-05519, 2022 WL 2672317, at *1 (S.D.N.Y. July 8, 2022) ("Statements made by Defendant that are supported by admissible evidence and not refuted by Plaintiff are deemed admitted."). Nevertheless, "[e]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004). "Before summary judgment may be entered, the district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed." *Jackson v. Fed. Express*, 766 F.3d 189, 194 (2d Cir. 2014); *Oliver v. Gilmore*, No. 13-CV-490A, 2014 WL 6387352, at *4 (W.D.N.Y. Nov. 14, 2014) ("This Court cannot automatically grant summary judgment merely upon an opponent's failure to respond to a movant's statement of material facts, but if the record supports the unopposed statements of fact, summary judgment is appropriate[.]").

Moreover, *pro se* litigants "must be given extra latitude, particularly on a summary judgment motion." *Barrett v. Moody*, No. 19-CV-190, 2023 WL 2898310, at *6 n.4 (W.D.N.Y. Feb. 23, 2023) (quotation marks and citation omitted), *report and recommendation adopted*, 2023 WL 2898659 (W.D.N.Y. Apr. 10, 2023); *Coley-Allen v. Strong Health*, 828 F. Supp. 2d 582, 584–85 (W.D.N.Y. 2011) ("While the motion is unopposed, the Court has nonetheless examined the record in detail, remaining mindful of the standards relevant to deciding a motion for summary

judgment, and granting plaintiff every favorable inference as a *pro se* litigant, and as a non-movant."). "[A]n unopposed summary judgment motion in a *pro se* action may be granted where (1) the *pro se* litigant has received adequate notice that failure to file any opposition may result in the entry of summary judgment without trial,[1] and (2) the court is satisfied that 'the facts as to which there is no genuine dispute show that the moving party is entitled to summary judgment as a matter of law.'" *Taylor v. Consol. Rail Corp.*, 166 F. Supp. 2d 652, 654 (N.D.N.Y. 2001) (quoting *Champion v. Artuz,* 76 F.3d 483, 485 (2d Cir. 1996)); *Lue v. JPMorgan Chase & Co.*, 768 F. App'x 7, 10 (2d Cir. 2019) (summary order) ("Where a motion for summary judgment is unopposed, summary judgment is proper only if the court is satisfied that the moving party has met its burden with sufficient support in the record evidence.").

## BACKGROUND

### I. The Material Facts are Undisputed

In this case, Defendants served their motion for summary judgment on Plaintiff, which included a Rule 56 statement of undisputed facts ("Rule 56 Statement") and a "Notice to Pro Se Litigant Regarding Rule 56 Motion for Summary Judgment" to alert Plaintiff to the procedural requirements of summary judgment motions and the consequences of not responding. ECF No. 35-2. In addition, the Court's scheduling order advised Plaintiff of the consequences of not responding to Defendants' motion. ECF No. 36.

---

[1] Here, the Court informed Plaintiff of the deadline to file a response and that failure would result in the motion being deemed unopposed and his complaint potentially being dismissed without trial. ECF No. 36. This order was mailed to Plaintiff. *Id*. The Court is thus satisfied that Plaintiff has received adequate notice of the consequences of non-opposition to Defendants' motion. *See Jackson v. Jackson*, No. 16-CV-08516, 2021 WL 981849, at *5 (S.D.N.Y. Mar. 16, 2021) (finding adequate notice where *pro se* plaintiff "was warned that failure to file an opposition would result in the [c]ourt concluding that the motion was unopposed"); *Taylor v. Consol. Rail Corp.*, 166 F. Supp. 2d 652, 654 (N.D.N.Y. 2001) (finding sufficient notice where the court "thoroughly explained both the procedures plaintiff should follow if he wished to proceed *pro se* and oppose the summary judgment motion, and the consequences that would result if plaintiff failed to timely submit opposition papers").

Despite this, Plaintiff failed to file an opposing statement contesting Defendants' Rule 56 Statement or otherwise respond to the motion. Having reviewed Defendants' Statement and found it satisfactory, *see Jackson*, 766 F.3d at 195, the Court adopts Defendants' Rule 56 Statement as the undisputed facts of the case. *See Xerox Corp. v. Southwest Direct, Inc.*, No. 15-CV-6245, 2016 WL 3766425, at *2 (W.D.N.Y. July 8, 2016) (citing *Gubitosi v. Kapica*, 154 F.3d 30, 31 n.1 (2d Cir. 1998)).

## II. Undisputed Facts of the Case

The following facts are undisputed. On August 9, 2020, an inmate slashed Plaintiff's face on the ballpark at the Elmira Correctional Facility ("Elmira"). ECF No. 6 at 11. Defendants Sergeant Albert and Officer Ferraro were both working at Elmira at the time. *Id.* at 2. Plaintiff brought this lawsuit, alleging that Defendants violated his constitutional rights by failing to protect him from this attack. *Id.* at 11–12.

Records from the New York State Department of Corrections and Community Supervision ("DOCCS") show that Plaintiff filed two grievances while he was at Elmira: one filed in March 2018 related to the need for dentures and one filed in June 2020 related to lack of dental care. ECF No. 35-7 at 131–33. DOCCS' records also show that Plaintiff successfully appealed one of these grievances to the Central Office Review Committee ("CORC"). *Id.* at 127–28. DOCCS' records do not indicate that Plaintiff filed a grievance, nor did he appeal any grievance, related to the August 2020 incident. *Id.*[2] Furthermore, it is undisputed that Plaintiff did not appeal any grievance regarding Defendants to the CORC. *Id.* at 51, 128.

[2] There is evidence in the record that Plaintiff prepared inmate grievance reports dated September 10, 2020, which allege that he suffered severe injuries on August 9, 2020, as a result of Defendants "purposely not doing anything to ensure the safety and security of the inmate population such as myself in their care and custody." ECF No. 35-7 at 145–47. There is also evidence that Plaintiff sent a letter to the Superintendent of Elmira, about how he has "yet received a response to [his] complaint" and that he was "requesting that the staff at [Elmira] that are assigned to the grievance department be directed to respond—as is their job." *Id.* at 137. However, DOCCS' records do not indicate that Plaintiff actually submitted these inmate grievance reports to the Inmate Grievance Resolution Committee. *Id.* at

Plaintiff brought the instant action in this Court on October 26, 2022. ECF No. 1. Plaintiff amended his complaint on January 25, 2023, ECF No. 4, and again on October 25, 2023, ECF No. 6. After screening pursuant to 28 U.S.C. §§ 1915 and 1915A, the only remaining claim is Plaintiff's Eighth Amendment failure to protect claim against Defendants. *See* ECF Nos. 6, 7. On March 20, 2024, Defendants filed a motion to dismiss, ECF No. 10, which the Court denied, ECF No. 15. Defendants now move for summary judgment. ECF No. 35. Plaintiff did not oppose the motion.

## DISCUSSION

Defendants move for summary judgment on three grounds: (1) Plaintiff failed to exhaust his administrative remedies; (2) Plaintiff cannot establish deliberate indifference, which is required for his failure to protect claim; and (3) Defendants are entitled to qualified immunity. ECF No. 35-8.[3] Because the Court agrees that Plaintiff failed to exhaust his administrative remedies, it will not discuss Defendants' remaining arguments.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Ross v. Blake*, 578 U.S. 632, 638 (2016) (holding that exhaustion is "mandatory"). If an inmate fails to exhaust his administrative remedies, he is barred from commencing a federal lawsuit. *See Martin v. Niagara Cnty. Jail*, No. 05-CV-00868, 2012 WL 3230435, at *6 (W.D.N.Y. Aug. 6, 2012). In other words,

---

131–33. Therefore, the Court concludes that it is undisputed that DOCCS has no record of a grievance that Plaintiff submitted related to the August 2020 incident.

[3] Defendants also argue that Plaintiff's claims against Defendants in their official capacity should be dismissed. ECF No. 35-8 at 13–14. However, Plaintiff indicated that he was bringing this lawsuit against Defendants only in their individual capacity. ECF No. 6 at 2. Therefore, the Court will not discuss this argument.

to commence a lawsuit, "prisoners must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself." *Johnson v. Killian*, 680 F.3d 234, 238 (2d Cir. 2012) (quotation marks and citation omitted). Exhaustion necessitates "using all steps that the [government] agency holds out, and doing so properly." *Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (quotation marks and citation omitted). To be "[p]roper," exhaustion must comply with all of the agency's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

There is no question that the PLRA requirements apply to Plaintiff's circumstance because Plaintiff is an inmate at a New York State prison claiming that Defendants failed to protect him while he was incarcerated. ECF No. 6. Therefore, he must have exhausted administrative remedies prior to filing this suit. Failure to exhaust is an affirmative defense under the PLRA, and, as such, Defendants bear the initial burden of establishing that a grievance process exists. *Brooks v. Mullen*, No. 14-CV-6690, 2020 WL 2512868, at *2 (W.D.N.Y. May 15, 2020). Here, Defendants met this burden by citing the inmate grievance process outlined in N.Y. Comp. Codes R. & Regs. tit. 7, § 701, which applies to all prisoners in a New York State correctional facility, such as Elmira. ECF No. 35-8 at 3–4. Under § 701, there is a three-step process to resolve inmate grievances: "(1) file a complaint with the Inmate Grievance Review Committee . . .; (2) appeal to the facility superintendent; and (3) appeal to the DOCS Central Office Review Committee[.]" *Hernandez v. Coffey*, No. 99 Civ. 11615, 2003 WL 22241431, at *3 (S.D.N.Y. Sept. 29, 2003); *see* N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5. Only after exhausting all steps of this administrative remedy process can Plaintiff file suit in federal court. *See Martin*, 2012 WL 3230435, at *6.

Defendants met their burden of proof to show that Plaintiff failed to exhaust these administrative remedies. *See Stephenson v. Bosque*, No. 22-CV-00644, 2026 WL 891973, at *8 (D. Conn. Mar. 31, 2026) (stating that the defendant must "provide[] reliable evidence that administrative remedies were not exhausted before the plaintiff commenced the action"). Defendants submitted DOCCS records that show that Plaintiff filed two grievances while he was at Elmira and that he successfully appealed one of the grievances to the CORC; yet none of these grievances or appeal relate to his failure to protect claim against Defendants. ECF No. 35-7 at 127–28, 131–33. Defendants also submitted sworn declarations from employees of the Incarcerated Grievance Program that state that Plaintiff did not file any grievances against Defendants or grievance appeals related to the August 2020 incident. ECF No. 35-5 ¶¶ 6–7; ECF No. 35-6 ¶ 11. Defendants further submitted Plaintiff's deposition transcript where Plaintiff testified that he did not recall whether he appealed to the CORC—the third and final step of the administrative remedy process. ECF No. 35-7 at 51.

As explained above, Plaintiff must exhaust his administrative remedies by following the three-step process in order to file suit in federal court. *See Hernandez*, 2003 WL 22241431, at *3; *Martin*, 2012 WL 3230435, at *6. Here, it is undisputed that DOCCS has no record of a grievance that Defendants failed to protect Plaintiff; there is also no record that Plaintiff appealed any such grievance. Therefore, the Court concludes that Plaintiff did not exhaust his administrative remedies because he failed to complete each step of the grievance process.[4]

[4] As the Court discussed, there is evidence that Plaintiff prepared inmate grievance reports that alleged Defendants' failure to protect. ECF No. 35-7 at 145–47. Yet, there is no proof that Plaintiff submitted these grievance reports. Nevertheless, even if the Court assumes that Plaintiff did submit his grievance reports to the Inmate Grievance Resolution Committee, it would still be insufficient to show that Plaintiff exhausted his administrative remedies because he undisputably failed to appeal to the CORC. Without taking this final step, Plaintiff did not "properly complete the grievance process." *Masas v. Conte*, No. 13-CV-617, 2015 WL 1800482, at *5 (N.D.N.Y. Apr. 16, 2015) ("In any event, the failure by the [Inmate Grievance Resolution Committee] or the Superintendent to timely respond to a grievance or first level appeal must be appealed to the next level, including the CORC, in order to properly complete the grievance process."); *see Dabney v. Pegano*, 604 F. App'x 1, 3 (2d Cir. 2015) (summary order) ("Each

As Plaintiff has failed to exhaust his administrative remedies, the Court must consider whether his non-exhaustion is excused. "An exception from the exhaustion requirement exists only if the process is unavailable." *Walton v. Dibble*, No. 24-CV-06242, 2026 WL 709696, at *2 (W.D.N.Y. Mar. 13, 2026). Generally, there are three circumstances where an administrative remedy is considered unavailable: (1) when it operates "as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when it is "so opaque that it becomes, practically speaking, incapable of use"; or (3) when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross*, 578 U.S. at 643–44.

Here, there is no admissible evidence to indicate that the grievance process was unavailable to Plaintiff at the time. Rather, the record evidence demonstrates that Plaintiff successfully filed two grievances while he was at Elmira, including a grievance that was filed only two months before the incident. ECF No. 35-7 at 133; *see Pearson v. Orange Cnty.*, No. 22-CV-09278, 2026 WL 507839, at *15 (S.D.N.Y. Feb. 24, 2026) ("The Court notes that Plaintiff appears to be well-versed in the grievance procedure, having filed two in the year 2022, and having filed the Underlying Lawsuit previously."). During his deposition, Plaintiff himself testified that he was "knowledgeable" and "kn[e]w really well about the grievance process." ECF No. 35-7 at 48. Thus, it cannot be said that the process was "so opaque" or that "prison administrators thwart[ed] inmates from taking advantage of a grievance process." *Ross* at 643–44. In addition, the record shows that Plaintiff appealed one of his grievances to the CORC and thereby satisfied the final

step of this [Inmate Grievance Program] process has a timeframe in which the decisionmaker must respond to the prisoner. If the decisionmaker does not respond within that timeframe, the prisoner may appeal to the next step in the process." (citing 7 N.Y. Comp. Codes R. & Regs. § 701.6(g) (quotation marks and brackets omitted)). Accordingly, even assuming that Plaintiff did submit the grievance reports, Plaintiff still failed to exhaust his administrative remedies.

step of the grievance process. ECF No. 35-7 at 128. Therefore, the grievance process did not operate "as a simple dead end." *Ross* at 643.[5] Because administrative remedies were available to Plaintiff, Plaintiff's non-exhaustion is not excused.

As failure to exhaust administrative remedies "is often a temporary, curable procedural flaw, the Second Circuit has recognized that dismissal without prejudice is often appropriate where the prisoner can cure the defect simply by exhausting his remedies and then reinstituting his suit." *Hickman v. City of New York*, No. 20-CV-4699, 2021 WL 3604786, at *4 (S.D.N.Y. Aug. 12, 2021) (quoting *Berry v. Kerik*, 366 F.3d 85, 87 (2d Cir. 2004)) (quotation marks and brackets omitted). Here, Plaintiff cannot cure his failure to exhaust administrative remedies, as the assault occurred over six years ago and Plaintiff has still failed to appeal to the CORC. *See* N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5 (stating that a grievance must be submitted within twenty-one days of the incident to the Inmate Grievance Resolution Committee; after receipt of the decision, an appeal must be submitted within seven days to the superintendent; and after receipt of the superintendents' decision, a final appeal must be submitted within seven days to the CORC). Accordingly, Plaintiff's failure to exhaust at this point is incurable.

As such, Defendants have established that no genuine issue of material fact exists regarding Plaintiff's failure to exhaust the administrative remedies with respect to his Eighth Amendment failure to protect claim.

---

[5] Even if the Court were to assume that Plaintiff filed his inmate grievance report regarding Defendants' alleged failure to protect and did not receive any response from the Inmate Grievance Resolution Committee or the Superintendent, this is still insufficient to argue that the administrative procedure was unavailable. *See Taylor v. New York City Dep't of Corr.*, 849 F. App'x 5, 8 (2d Cir. 2021) ("The prison officials' failure to respond to some of [the inmate's] grievances did not render the [Inmate Grievance and Request Program] administrative procedure unavailable.").

## CONCLUSION

For these reasons, Defendants' motion for summary judgment is GRANTED, and Plaintiff's claim is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: November 19, 2026
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York